UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

| | |
|---|---|
| K.S. o/b/o K.S., *Plaintiff*, v. HACKENSACK BOARD OF EDUCATION, *Defendant.* | Civil Action No. 16-2155 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

The present matter comes before the Court on Defendant Hackensack Board of Education's ("Defendant" or "Hackensack") motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(B)(6). Plaintiff, K.S., opposes this motion.[1] This case seeks to challenge two Administrative Law Judge ("ALJ") decisions concerning the sufficiency of due process given to K.S.M., a student with behavioral and academic deficiencies. Plaintiff brings the matter pursuant to the Individuals with Disabilities Education Act ("IDEA"). Plaintiff K.S. is the mother of K.S.M. This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions, and for the reasons stated below, Defendant's motion is granted.

---

[1] Defendant's brief in support of its motion to dismiss the Complaint will be referred to hereinafter as "Def. Br." (D.E. 6); Plaintiff's opposition to Defendant's motion to dismiss will be referred to "Pl. Opp'n" (D.E. 9); and Defendant's reply brief will be referred to "Def. R.Br." (D.E. 10).

## I. FACTUAL[2] AND PROCEDURAL HISTORY

The factual and procedural history in this matter involve a decision by one ALJ, a prior case filed in this Court which was dismissed, and the current matter which incorporates facts related to the first ALJ decision (which, as noted, was dismissed), and the decision by a second ALJ. As a result, the facts recited here are taken from Plaintiff's current Complaint but those allegations incorporate many factual claims that were already raised in the dismissed matter.

K.S.M. was at all relevant times a student in the Hackensack School District. Compl. ¶ 5. In or around 2008, K.S.M. "began experiencing emotional and academic difficulties after a teacher allegedly [shoved] him off a chair, triggering a sprained neck muscle." *Id.* ¶ 7. Plaintiff's Complaint details instances of K.S.M.'s difficulties from 2008 through June 2010, indicating that K.S.M. was diagnosed "with symptoms consistent with ADHD." *Id.* ¶¶ 7-12. Subsequently, "a dispute arose between [Plaintiff] and [Hackensack] regarding K.S.M.'s placement for the 2010-2011 school year." *Id.* ¶ 14. On April 19, 2011, Plaintiff and Hackensack entered into a settlement agreement providing that K.S.M. would attend a school in another district for the 2011-12 school year. *Id.* ¶ 19.

At the conclusion of the year, Hackensack proposed that "K.S.M. return to an in-district program at the public high school for the 2012-2013 school year." *Id.* ¶ 32. Plaintiff thereafter filed a due process complaint with the New Jersey Department of Education, "seeking continued

---

[2] The facts are derived from Plaintiff's Complaint ("Compl.") and the decisions of the ALJs attached to Defendant's motion to dismiss. In deciding the motion to dismiss, the court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

placement at the out-of-district school." *Id.* ¶ 35. On November 1, 2012, after conducting three hearings on the matter, ALJ Candido denied Plaintiff's request, determining that Hackensack had provided a "free appropriate public education" ("FAPE") as required by IDEA for the 2012-2013 school year. *Id.* ¶¶ 37, 41; *see also* Ballard Cert., Ex. 1.

On January 30, 2013, Plaintiff filed a civil action in this district seeking review of ALJ Candido's decision. *See* Civil Case No. 13-cv-00609. On October 16, 2013, Judge Cecchi entered an order dismissing the case as settled without prejudice to reopen the action within 60 days upon a showing of good cause. *Id.*, D.E. 20. This Opinion will refer to the first case as the "Dismissed Case." On July 31, 2015, Clifford Stewart, Plaintiff's current counsel, entered an appearance in the matter. *Id.*, D.E. 40. On April 8, 2016, Plaintiff filed a letter with the court, requesting permission to re-open the case and file an amended complaint. *Id.*, D.E. 42. Subsequently, on April 25, 2016, Judge Falk denied Plaintiff's request to re-open, finding that Plaintiff had failed to make a motion to re-open within 60 days of Judge Cecchi's October 16, 2013 dismissal order, and "no basis to re-open has been shown." *Id.*, D.E. 43. While Judge Falk acknowledged that he had attempted "to informally assist the parties with lingering disputes over the settlement," no party had applied to re-open the matter within the requisite time period. *Id.* at 1. Judge Falk additionally denied the motion to amend without prejudice. *Id.* Plaintiff did not appeal Judge Falk's April 25, 2016 decision to the District Court. *See* Fed. R. Civ. P. 72.

On April 18, 2016, Plaintiff filed the present Complaint under the above-referenced docket number. Plaintiff's Complaint claims that there were additional behavioral and academic difficulties as a result of K.S.M.'s in-district placement in 2012. *Id.* ¶ 69. Specifically, Plaintiff asserts that by February 2014, K.S.M. had been failing for two straight years. *Id.* ¶ 89. Plaintiff also alleges that Hackensack kept inaccurate records regarding K.S.M. in violation of the IDEA

and provided an inaccurate Individualized Education Plan ("IEP") in violation of N.J.A.C. 6A:14. *Id.* ¶¶ 75-80, 85-88, 104-105, 108. By a petition dated January 28, 2014, Plaintiff again filed for a due process hearing, "seeking appropriate placement of [K.S.M.] and the provision of an independent educational consultant."[3] Ballard Cert., Ex. 2, at 3. In her petition, Plaintiff requested "an [o]rder compelling [Hackensack] to provide home instruction" for K.S.M. *Id.* at 1. ALJ McGee held hearings on this matter on May 13, July 28, August 19, September 17, and October 21, 2014. *Id.* On January 12, 2016, ALJ McGee issued a decision denying Plaintiff's petition for due process and concluding that Hackensack had demonstrated that it provided a FAPE for the 2013-2014 school year. *Id.*

In her present Complaint, Plaintiff sets forth two causes of action under the IDEA: Count I – The IDEA, 20 U.S.C. Section 1419 and Count II – The IDEA, 20 U.S.C. Section 1419. D.E. 1.[4] Plaintiff's Complaint seeks to overturn the decisions of ALJ Candido and ALJ McGee, and requests compensatory education, compensatory damages, reasonable attorney's fees, and expert consultation fees and costs. In lieu of answering, Defendant filed a motion to dismiss on August 26, 2016. Def. Br. Plaintiff opposes Defendant's motion. Pl. Opp'n.

Defendant argues that dismissal is warranted because Plaintiff's claims are barred by the ninety-day statute of limitations required under the IDEA. Def. Br. at 7-10. Additionally, Defendant contends that Plaintiff's allegations challenging ALJ Candido's opinion are barred by the doctrine of *res judicata* because Plaintiff's earlier action challenging that decision has been dismissed. *Id.* at 7. Further, Defendant contends that with regard to ALJ McGee's opinion,

---

[3] At this time, K.S.M. was twenty years old and no longer a minor. *Id.* ¶ 88. He therefore authorized his mother, K.S., to sue on his behalf.

[4] Throughout the Complaint, Plaintiff cites to numerous state and federal laws. However, the two counts in the Complaint are brought pursuant to the IDEA.

4

Plaintiff has failed to plead any specific factual allegations regarding the proceedings or how the decision is incorrect as a matter of law. *Id.* at 10.[5]

Plaintiff concedes that she failed to file her current Complaint within the statute of limitations, but argues that it is subject to equitable tolling "because of the circumstances surrounding her filing." Pl. Opp'n at 4, 12-14. Plaintiff also argues that she has sufficiently met the pleading standard. *Id.* at 15. Plaintiff adds that her Complaint provides sufficient "factual averments challenging conclusions reached by ALJ McGee." *Id.* at 17.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is *plausible on its face*." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient

---

[5] Additionally, Defendant points out that Plaintiff pleads compensatory damages, which are not recoverable under the IDEA. *Id.* at 7. Plaintiff responds that she "disavows her claim for compensatory damages and recognizes [that] compensatory damages are not available under the IDEA." Pl. Opp'n at 11. The Court agrees that monetary damages are not an available remedy under the IDEA. *See D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 495 (D.N.J. 2008) (finding that "because monetary damages are fundamentally inconsistent with the goals of the IDEA, they are not an available remedy under the IDEA") (internal quotation marks omitted). However, this issue is more appropriate for a motion to strike than a motion to dismiss.

facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. Syneevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

The plausibility pleading requirement applies to complaints in IDEA matters. *Kalliope R. ex rel. Irene D. v. N.Y. State Dept. of Educ.*, 827 F. Supp. 2s 130, 135, 140 (E.D.N.Y. 2010)

### III. DISCUSSION

#### A. Statute of limitations

The IDEA provides that "[a] party aggrieved by the findings and decision made by a state or local educational agency in connection with an impartial due process hearing, may commence an action in any state or district court without regard to the amount in controversy." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 493 (D.N.J. 2008) (citing 20 U.S.C. § 1415(i)(2)(A) & 1415(f)). The aggrieved party "shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation ... in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B). New Jersey's time limit is also ninety days. *See N.J.A.C.* 6A:14–2.7(v) ("Any appeal of a final decision of an administrative law judge in a due process hearing shall be filed within 90 days of the date of issuance of the final decision."). The

statute of limitations is strictly construed. *See, e.g., R.P. v. District of Columbia*, 474 F. Supp. 2d 152, 154 (D.D.C. 2007) (finding a violation of the 90-day requirement when the complaint was filed one day late).

Here, it is undisputed that ALJ Candido's final determination was issued on November 1, 2012, and ALJ McGee's on January 12, 2016. Accordingly, Plaintiff's 90-day time limit expired as to ALJ Candido in 2013 and as to ALJ McGee on April 11, 2016. Plaintiff filed her present Complaint on April 18, 2016, over three years after the time limit for ALJ Candido's opinion and eight days after the statute of limitations regarding ALJ McGee's opinion had run. Plaintiff admits her filing was late, but argues that her claims are subject to equitable tolling.

"Time limitations analogous to a statute of limitations are subject to equitable modifications such as tolling, which stops the running of the statute of limitations in light of established equitable considerations." *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 617 (3d Cir. 1998) (internal citations and quotation marks omitted). However, "when a time limitation is considered jurisdictional, it cannot be modified and non-compliance is an absolute bar." *Id.* at 617-18. The United States Supreme Court and the Third Circuit have not ruled on whether equitable tolling applies to the 90-day statute of limitations provision in the IDEA. District Courts throughout the country have split on this issue. *Compare R.P.*, 474 F. Supp. 2d at 154 (holding that the court lacked jurisdiction over the case because the complaint was filed on the ninety-first day following the hearing officer's decision) *with Jenkins v. Butts Cty Sch. Dist.*, 984 F. Supp.2d 1368, 1375 (M.D. Ga. 2013) (applying equitable tolling to the 90-day provision of the IDEA). The only court to directly consider the issue in this District found that the IDEA's 90-day appeal period is not jurisdictional and therefore subject to "waiver, estoppel, and equitable tolling." *Wall Twp. Bd. of Educ. v. C.M.*, 534 F. Supp. 2d 487, 491 (D.N.J. 2008).

For the purposes of this opinion, the Court will assumes, without deciding, that equitable tolling applies.[6] Equitable tolling requires the party seeking it to show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Supreme Court warns that the relief of equitable tolling should be granted "only sparingly" and not in cases involving "garden variety claim[s] of excusable neglect." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). The first prong of the test, diligent pursuit, requires "reasonable diligence," which is determined by a subjective test considered "in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). "Extraordinary circumstances typically exist where some factor beyond the petitioner's control, such as ineffective assistance of counsel, has prevented her from timely filing." *Rios v. Attorney Gen. of U.S.*, 615 F. App'x 752, 755 (3d Cir. 2015).

Here, Plaintiff alleges that she has diligently pursued her rights because "[s]he has been engaged in a six-year battle with Defendant to receive 'due process' and to demonstrate that Hackensack[] has denied her son KSM FAPE under the IDEA." Pl. Opp'n at 13. Plaintiff points to the fact that she previously filed a prior civil case (the Dismissed Case) appealing ALJ Candido's ruling. *Id.* at 14. Additionally, she states that ALJ McGee was required under New Jersey law to issue his decision within 45 days, and the decision took him a full year. *Id.* During that time, Plaintiff allegedly sent ALJ McGee inquiries regarding the status of his decision. *Id.* Plaintiff argues that the "extraordinary circumstance" that stood in her way of filing was a letter she filed in the prior civil action seeking to have that matter reopened. *Id.* Plaintiff additionally filed an

---

[6] This presumption is solely for the purpose of this Opinion, and not for this case, and does not preclude the parties from raising this issue in the future. If Defendant believes that the 90-day time limit is jurisdictional, then a motion pursuant to Federal Rule of Civil Procedure 12(b)(1), as opposed to Rule 12(b)(6), is appropriate. Here, Defendant has not moved pursuant to Rule 12(b)(1).

8

amended complaint in the prior matter and alleges that she only filed the current action when "it became clear that the court would not respond as quickly as hoped" and "to preserve her rights." *Id.*

At the outset, Plaintiff provides no competent evidence to support her factual claims concerning her equitable tolling. Plaintiff does not submit an affidavit, certification, or declaration of a person with personal knowledge of the alleged facts. Instead, Plaintiff's factual assertions are merely set forth in counsel's brief.

However, even the factual assertions in Plaintiff's brief are insufficient to satisfy either element of equitable tolling. Plaintiff's "six-year battle" is irrelevant to her late filing in this instance. In fact, her filing of the Dismissed Case within the time limitations set forth by the IDEA suggests that she was fully aware of the 90-day period and able to comply with the requirements. Additionally, the fact that ALJ McGee may have been in violation of a statutory timing requirement is irrelevant to the current issue – Plaintiff filing her civil action within 90 days *after* ALJ McGee rendered his decision. In fact, both arguments seem to run counter to Plaintiff's claim of equitable tolling. If Plaintiff battled with Defendant for six years and Plaintiff pushed ALJ McGee for an earlier decision, it stands to reason that Plaintiff would not have missed the statute of limitations here.

The second element is also not met – Plaintiff's own April 8, 2016 letter to the court concerning the Dismissed Case does not constitute an "extraordinary circumstance." This letter was filed three days prior to the expiration of the 90-day time period for Plaintiff to appeal ALJ McGee's decision. Plaintiff's April 8 letter apparently indicates that she could have filed her current Complaint within the statute of limitations. Thus, her April 8 letter does not provide a basis for equitable tolling. *See Phillips v. D'Illio*, No. 15-2884, 2016 WL 54673, at *4 (D.N.J.

Jan. 4, 2016) (finding that "nothing in Petitioner's submissions to th[e] Court indicates there was an obstacle beyond Petitioner's control that necessarily prevented him from filing a timely petition," and therefore "there is no basis for equitable tolling.").

Therefore, Plaintiff's current Complaint is untimely and is dismissed without prejudice. Because equitable tolling is highly fact specific, the Court will permit Plaintiff to re-file so long as Plaintiff believes in good faith that she has sufficient facts to support such tolling. If plaintiff does re-file, Hackensack will also be permitted to further brief the threshold issue of whether equitable tolling applies in IDEA actions.

B. Failure to State a Claim

The IDEA requires states that receive federal education funding to provide every disabled child with a FAPE. 20 U.S.C. § 1412(a)(1). A FAPE "consists of educational instruction specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child to benefit from the instruction." *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 268–69 (3d Cir. 2012) (internal quotation marks omitted). A state is "not required to maximize the potential of every handicapped child," however it must provide an education with "significant learning" and "meaningful benefit" to the child. *A.D.L. v. Cinnaminson Twp. Bd. of Educ.*, 975 F. Supp. 2d 459, 463 (D.N.J. 2013). The IDEA also includes a mainstreaming component which requires education "in the least restrictive environment." 20 U.S.C. § 1412(a)(5)(A).

To ensure that every qualifying child receives a FAPE, school districts must develop an IEP that is tailored to the needs of the child. *Board of Educ. of Hendrick Hudson Ctr. Sch. Dist. v. Rowley*, 458 U.S. 176, 181 (1982). "An IEP consists of a specific statement of a student's present abilities, goals for improvement of the student's abilities, services designed to meet those goals, and a timetable for reaching the goals by way of the services." *D.S. v. Bayonne Bd. of Educ.*, 602

F.3d 553, 557 (3d Cir. 2010). Parents often play a role in the development of an IEP, but they do not have a right to compel a school district to provide a specific program or employ specific methodology in educating a student. *See Ridley Sch. Dist.,* 680 F.3d at 269, 278. "When a state is unable to provide a FAPE, the state must reimburse the child's parents for the costs of attendance at a private school that is able to provide a FAPE." *Id.* at 269.

The IDEA provides a mechanism for an aggrieved party to submit a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A). In the first instance, a party bringing a complaint has a choice to have the complaint "investigated by the state educational agency, *see* 34 C.F.R. § 300.661, or avail itself of an impartial due process hearing, 20 U.S.C. § 1415(f)." *J.M. ex rel. A.M. v. E. Greenwich Twp. Bd. of Educ.,* No. 07-2861, 2008 WL 819968, at *3 (D.N.J. Mar. 25, 2008) (internal quotation marks omitted). A party aggrieved by the outcome of the hearing "shall have the right to bring a civil action with respect to the complaint presented ... in a district court of the United States, without regard to the amount in controversy." 20 U.S.C § 1415(i)(2)(A). As discussed above, the action must be initiated within 90 days from the date of the hearing officer's decision. *Id.* § 1415(i)(2)(B). The party challenging the administrative decision "bears the burden of proof when challenging the appropriateness [of the education.]" *L.E. v. Ramsey Bd. of Educ.,* 435 F.3d 384, 392 (3d Cir. 2006).

Here, Defendants bring a motion to dismiss Plaintiff's Complaint – not a motion for summary judgment. Thus, the Court does not review the substance of the decisions of the ALJs.[7]

---

[7] When reviewing the substance of an IDEA decision by a state administrative agency, a district court must apply "a modified *de novo* standard." *A.D.L.,* 975 F. Supp. 2d at 463. Under this standard, factual findings are afforded "due weight" and thus assumed to be "*prima facie* correct."

11

Instead, the Court must determine if the allegations concerning ALJ's McGee's decision are plausibly pled. The inquiry concerning ALJ Candido's decision is different. As to ALJ Candido, the Court must determine whether Plaintiff is precluded, due to the closing of the Dismissed Case, from relying upon ALJ Candido's decision to support her current claims.

Count I

In Count I, Plaintiff argues that ALJ Candido was incorrect regarding three findings. This claim is barred because Plaintiff has already appealed ALJ Candido's decision and that case has been closed. *See* Civil Case No. 13-cv-00609. On October 16, 2013, Judge Cecchi dismissed the earlier case without prejudice to the right of either party to reopen the action within 60 days upon a showing of good cause. *Id.*, D.E. 20. On April 8, 2016, nearly three years after Judge Cecchi's order dismissing the case, Plaintiff's counsel filed a letter on the docket stating that "no settlement materialized" between the parties, and requesting that the court reopen the matter. *Id.*, D.E. 41. Additionally, Plaintiff moved to amend her Complaint. *Id.* Subsequently, Judge Falk found that the "case was closed pursuant to Local Civil Rule 41.1(b); jurisdiction was not retained by this Court; and no motion to re-open the case was filed within 60 days." *Id.*, D.E. 44. Thus, Judge Falk denied Plaintiff's motions to re-open and amend her Complaint. *Id.* At that time, Plaintiff did not appeal Judge Falk's decision to the District Judge. Thus, Plaintiff cannot now re-litigate her appeal of ALJ Candido's opinion.[8] The Dismissed Case is, and has been, dismissed. Count I is therefore dismissed with prejudice.

---

*Id.* In contrast, legal findings are not given due weight and therefore "a district court owes no deference to conclusions of law drawn by a state or local educational agency." *Id.*

[8] Defendant argues that, due to Plaintiff's former action challenging ALJ Candido's opinion and its subsequent dismissal, Count I is barred by the doctrine of *res judicata*. Def. Br. at 7. Courts have split over whether a dismissal without prejudice to the right to reopen becomes a dismissal with prejudice if neither party moves to re-open within the allotted time. *Compare Choice Hotels*

Count II

Plaintiff alleges in Count II that ALJ McGee was incorrect in finding "(1) the in-district program offered by [Hackensack] constituted a FAPE, (2) the IEP proposed by [Hackensack] for the 2013-2014 school year conferred a meaningful educational benefit upon K.S.M., and (3) that the [Hackensack] program constituted the least restrictive environment (LRE) appropriate to K.S.M.'s needs." Compl. ¶ 118. Thus, Count II asks this Court to find ALJ McGee incorrect in his decision.

Plaintiff fails, however, to plausibly plead the alleged deficiencies in ALJ McGee's decision. Plaintiff's Complaint refers to ALJ McGee just two times. The first reference appears in paragraph 112 of the Complaint where Plaintiff describes how she and her son "sat in front of the Honorable Judge McGee trying to figure out why KSM had not been attending [extended school year program ("ESY")] as discussed – despite the fact that ESY [] had already begun." The second reference is found in Count II, where Plaintiff asks this Court to find ALJ McGee incorrect in his ruling. In fact, Plaintiff does not cite to any specific portion of ALJ McGee's opinion much less denote the alleged errors in the opinion. Instead, the Court is left to guess as to why Plaintiff contests ALJ's McGee's decision. Plaintiff's Complaint merely outlines the facts which led to her filing the first and second due process petitions before the ALJs. This is not sufficient to reach the

---

*Int'l, Inc. v. Goodwin & Boone,* 11 F.3d 469 (4th Cir. 1993) (holding that a dismissal is presumed to be without prejudice unless the court's order is "explicit and clear" in warning the parties that a failure to meet conditions stated in the order will result in a dismissal with prejudice) *with Bernard Haldane Assoc., Inc. v. Harvard Prof'l Grp.,* 185 F.R.D. 180, 184 (D.N.J. 1999) (finding that *res judicata* barred plaintiff from filing a new action when he failed to reopen a previous action within 60 days). Regardless of whether the Dismissed Case is considered dismissed with or without prejudice, Plaintiff did not pursue the appropriate avenue to appeal that decision. The appropriate mechanism would have been to appeal Judge Falk's ruling to Judge Cecchi within fourteen days as required by Federal Rule of Civil Procedure 72. Plaintiff's attempt to circumvent the appeal process by re-asserting the substantive allegations of the Dismissed Case in her current Complaint is improper.

threshold of plausibility pleading. *See Twombly*, 550 U.S. at 570. Therefore, Count II is dismissed without prejudice.

## IV. CONCLUSION

In sum, the Court **GRANTS** Defendant's motion. Count I of the Complaint is dismissed with prejudice and Count II is dismissed without prejudice. Plaintiff has thirty (30) days to file an amended Complaint, if she so chooses, consistent with this Opinion. An appropriate order accompanies this opinion.

**Date:** March 1, 2017

*[signature]*

**JOHN MICHAEL VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**