UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

K.S. o/b/o K.S.,

    Plaintiff,

v.

HACKENSACK BOARD OF EDUCATION,

    Defendant.

Civ. Action No. 16-2155

OPINION

**John Michael Vazquez, U.S.D.J.**

    Pending before the Court is a motion for reconsideration as well as a motion to dismiss. This matter concerns a challenge to two Administrative Law Judge ("ALJ") decisions regarding the sufficiency of due process given to K.S.M.,[1] a student with behavioral and academic deficiencies. Plaintiff's initial Complaint was brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), alleging two counts – Count One challenging a decision from ALJ Candido, and Count Two challenging a decision from ALJ McGee. Defendant moved to dismiss both counts. On March 1, 2017, the Court granted Defendant's motion to dismiss with respect to both counts, dismissing Plaintiff's appeal of ALJ Candido's opinion (Count One) with prejudice, and allowing Plaintiff to re-plead her appeal of ALJ McGee's opinion (Count Two). D.E. 11 (hereinafter the "March 1 Opinion").

---

[1] K.S. brings this case on behalf of her son, K.S.M., who has authorized her to act on his behalf. For ease of reference, the Court will refer to K.S. as "Plaintiff."

Plaintiff moves for reconsideration of the Court's Opinion granting Defendant's motion to dismiss her appeal of ALJ Candido's opinion with prejudice. D.E. 13. Defendant opposes this motion.[2] Subsequently, Plaintiff filed an Amended Complaint ("AC"), re-pleading her appeal of ALJ McGee's Opinion pursuant to the IDEA and adding a new Count Two pursuant to Section 504 of the Rehabilitation Act. D.E. 14. Defendant moves to dismiss Plaintiff's AC, D.E. 18, and Plaintiff opposes this motion, D.E. 21.[3] Accordingly, there are two motions pending before the Court: (1) Plaintiff's motion for reconsideration with respect to this Court's March 1 Opinion dismissing Plaintiff's appeal of ALJ Candido's opinion with prejudice; and (2) Defendant's motion to dismiss Plaintiff's AC.

The motions were decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions and denies Plaintiff's motion for reconsideration. Additionally, the Court grants Defendant's motion to dismiss. Counts One and Two are dismissed without prejudice.

### I. Plaintiff's Motion for Reconsideration[4]

#### A. Legal Standard

---

[2] Plaintiff's brief in support of her motion for reconsideration will be referred to hereinafter as "Pl. Br." (D.E. 13); Defendant's opposition to Plaintiff's motion for reconsideration will be referred to as "Def. Opp'n" (D.E. 15); and Plaintiff's reply brief in further support of her motion will be referred to hereinafter as "Pl. R.Br." (D.E. 20).

[3] Defendant's brief in support of its motion to dismiss will be referred to hereinafter as "Def. MTD Br." (D.E. 18); Plaintiff's opposition to Defendant's motion to dismiss will be referred to as "Pl. MTD Opp'n" (D.E. 21); and Defendant's reply brief in further support of its motion will be referred to hereinafter as "Def. MTD R.Br." (D.E. 23).

[4] The factual background and procedural history are set forth in full in the Court's March 1 Opinion. D.E. 11.

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Andreyko v. Sunrise Sr. Living*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). The rule provides that such motions must be made within 14 days of the entry of an order. L. Civ. R. 7.1(i). Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). The burden is on the movant to demonstrate that one of these three scenarios is present. *Id.*

A motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Thus, motions for reconsideration are considered "extremely limited procedural vehicles," and a remedy that is granted "very sparingly." *Andreyko*, 993 F. Supp. 2d at 477.

### B. Analysis

Here, Plaintiff filed her motion for reconsideration 28 days after entry of the Court's March 1 Opinion. D.E. 13. The Court therefore denies Plaintiff's motion as untimely pursuant to Local Rule 7.1. *See Jones v. Sanko Steamship Co., Ltd*, No. 10-6787, 2016 WL 819618, at *4 (D.N.J. Mar. 2, 2016) ("The moving parties' failure to file their motions within the fourteen-day period prescribed by the Local Rule provides a basis, on its own, to deny their motions."). Plaintiff admits that she "erroneously" brought this motion pursuant to Federal Rule of Civil Procedure 59(e), which permits a request to amend or alter a judgment within twenty-eight days.

Pl. R.Br. at 4. Rule 59(e) "pertains to a judgment rendered by trial," and therefore is not applicable to Plaintiff's motion. *Almahdi v. Bourque*, No. 07-4617, 2008 WL 2447142, at *1 n.1 (D.N.J. June 13, 2008); *see also Byrne v. Calastro*, No. 05-68, 2006 WL 2506722, at *1 (D.N.J. Aug. 28, 2006) ("Local Rule 7.1[] of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.").

Moreover, the Court denies Plaintiff's motion on the merits. Plaintiff basis her motion on the availability of new evidence not previously available. Plaintiff argues that she "acquired new evidence [which] renders the March 1, 2017 ruling inaccurate." Pl. Br. at 4. Plaintiff identifies this "new evidence" as "decisions made by Magistrate Judge Falk." *Id.* at 5. Specifically, Plaintiff states she "found evidence that suggests that Magistrate Judge Falk, in mid 2015, would not let White & Case[5] move to reopen the complaint . . . because he wanted to wait until Judge McGee rendered his decision in a second due process action initiated by Plaintiff." *Id.* at 5. Plaintiff concludes that it would be "manifestly unjust" to not allow her to appeal the decision of ALJ Candido. *Id.* at 6.

Plaintiff provides no explanation as to why this evidence could not have been discovered and submitted in connection with the prior motion to dismiss. *See Marracco v. Kuder*, No. 08-713, 2009 WL 235469, at *1 (D.N.J. Jan. 30, 2009) ("A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original [decision]."); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (refusing to consider alleged "new evidence" attached to motion for reconsideration when "there [was] nothing to establish, much less suggest, such new evidence

---

[5] White & Case was Plaintiff's attorney when she initially appealed ALJ Candido's opinion.

4

was newly discovered which through the exercise of due diligence could neither have been discovered nor submitted in connection with the [prior motion].").

Moreover, the Court does not find Plaintiff's substantive argument persuasive. Plaintiff was at all times able to pursue her rights in her appeal of ALJ Candido's Opinion. *See* Civil Case No. 13-cv-00609. Once that case was dismissed, she had the right to move to re-open it within 60 days, and if denied, to appeal Judge Falk's decision to the District Court. Instead, Plaintiff chose to wait nearly three years after that case was dismissed before her current attorney filed a letter on the docket stating that "no settlement materialized" between the parties, and requesting that the court reopen the matter. *See id.*, D.E. 41. Plaintiff failed to act in a timely fashion and cannot re-litigate the dismissed case. Therefore, as stated in the Court's March 1 Opinion, Plaintiff's appeal of ALJ Candido's Opinion remains dismissed with prejudice.

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.

## II. <u>Defendant's Motion to Dismiss the Amended Complaint</u>

### A. Factual[6] & Procedural History

After this Court's March 1 Opinion dismissing Plaintiff's Complaint, Plaintiff filed the AC. D.E. 14. The AC brings two counts: (1) based on 20 U.S.C. Section 1419 of the IDEA; and (2) based on Section 504 of Rehabilitation Act.

As in her first Complaint, Plaintiff's AC recounts K.S.M.'s difficulties in schooling, from 2008 through K.S.M.'s graduation. AC ¶¶ 7-14. Plaintiff reiterates her objections to the accommodations, school placement, and IEPs offered by Hackensack in regards to K.S.M.'s

---

[6] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Court can also consider "the factual allegations contained in other documents, such as documents referred to in the complaint and matters of public record if the claims in the complaint are based upon those documents." *In re Milestone Sci. Sec. Litig.*, 103 F. Supp. 2d 425, 450 (D.N.J. 2000).

5

education. *Id.* ¶¶ 15-20. Plaintiff also recounts the litigation she engaged in with Hackensack over this period. First, her due process action in 2012 in front of ALJ Candido, and second, her request for emergent relief and a subsequent due process action in front of ALJ McGee. *Id.* ¶¶ 21-22, 49-53. Similar to her first Complaint, Plaintiff's AC seeks to overturn the decision of ALJ McGee, specifically the following findings: (1) the in-district program offered by [Hackensack] constituted a FAPE; (2) the IEP proposed by Hackensack conferred a meaningful educational benefit upon K.S.M; and (3) Hackensack's program constituted the least restrictive environment appropriate for K.S.M.'s need. *Id.* ¶ 62.

Additionally, for the first time, Plaintiff alleges a Section 504 violation of the Rehabilitation Act, arguing that Hackensack denied K.S.M. "the opportunity to participate in, and benefit from general education services including academic and non-academic services and school activities." *Id.* ¶ 64(a). In support of these allegations, Plaintiff describes a fire that occurred in her home on September 11, 2013. *Id.* ¶ 39. As a result of this fire, Plaintiff alleges that she and K.S.M. were displaced and that Hackensack "neglected to provide transportation services to [K.S.M.]" at their temporary residence. *Id.* ¶ 40. Once K.S.M. was enrolled in a new school following their displacement, Plaintiff alleges that Hackensack refused to provide lunch for K.S.M, and "threatened to terminate K.S.M.'s enrollment" because of the displacement. *Id.* ¶¶ 56, 57.

### B. Legal Standard

#### i. Rule 12(b)(1)

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1). Fed.R.Civ.P. 12(b)(1). "A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue,

because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack "concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (internal quotation marks omitted).

For a factual attack, "the allegations of the complaint have no presumptive truthfulness and the court must weigh the evidence presented by the parties." *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290-91 (3d Cir. 2006)). "An attack on subject matter jurisdiction that is based on a lack of administrative exhaustion is a factual challenge and not a facial one." *J.H. ex rel. J.H. v. Egg Harbor Twp. Bd. of Educ.*, No. 08-488, 2009 WL 1322514, at *2 (D.N.J. May 11, 2009). Thus, when reviewing such a factual attack, the court may consider evidence outside the pleadings. *Id.* at *3. Regardless of whether the attack is facial or factual, "the Plaintiff has the burden to prove that the Court has jurisdiction." *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc.*, 2010 WL 2521091, at *8 (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

ii. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is *plausible on its face*." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789. The plausibility pleading requirement applies to complaints in IDEA matters. *Kalliope R. ex rel. Irene D. v. N.Y. State Dept. of Educ.*, 827 F. Supp. 2d 130, 135, 140 (E.D.N.Y. 2010).

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. Syneevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

**C. Analysis**

i. <u>12(b)(1)</u>

Defendant argues that equitable tolling does not apply to the IDEA, and therefore a violation of the statute of limitations under the IDEA is a jurisdictional bar. Def. MTD Br. at 8-9. Further, Defendant argues that even if equitable tolling applies to IDEA cases, Plaintiff has not alleged facts demonstrating she is entitled to such tolling. *Id.* at 9-10. In regards to

Plaintiff's Section 504 claim, Defendant contends that Plaintiff failed to exhaust her administrative remedies and therefore this Court lacks jurisdiction to hear that claim. *Id.* at 11-12.[7]

Plaintiff responds by arguing that case law does not support Defendant's contention that the 90-day statute of limitations in the IDEA is a jurisdictional bar. Pl. MTD Opp'n at 7-10. Plaintiff reiterates some of her prior arguments in regards to equitable tolling: that White & Case (her prior counsel) did not inform her that her case was closed, that she believed that the case remained open, and that Defendant was not prejudiced by the late filing. *Id.* at 11. Further, Plaintiff argues that there is no requirement under the Rehabilitation Act to exhaust administrative remedies and "[a] party may file a Section 504 action as long as the party exhausts his or her IDEA administrative remedies prior to initiating an action in federal court." *Id.* at 12.

As noted in this Court's March 1 Opinion, "[t]he United States Supreme Court and Third Circuit have not ruled on whether equitable tolling applies to the 90-day statute of limitations provision in the IDEA." D.E. 11, at 7. The Court will again assume, for the purposes of this Opinion, that equitable tolling applies.[8] Equitable tolling requires the party seeking it to show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The

---

[7] Defendant also argues that Plaintiff has not exhausted her administrative remedies with respect to the McKinney Vento Act, failure to provide lunch to K.S.M., and threats to terminate K.S.M.'s school placement. *Id.* at 11. Plaintiff responds by stating that "Plaintiff has not alleged any claims under the McKinney Vento Act but rather has only used reference to that statute to illustrated the scope of Defendant's failure to provide special education services (FAPE) to K.S.M." Pl. MTD Opp'n at 12. Thus, the Court will only address Defendant's exhaustion argument in respect to the Section 504 Claim.

[8] As noted previously, this presumption is solely for the purpose of this Opinion, and not for this case, and does not preclude the parties from raising this issue in the future.

9

Supreme Court warns that the relief of equitable tolling should be granted "only sparingly" and not in cases involving "garden variety claim[s] of excusable neglect." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). The first prong of the test, diligent pursuit, requires "reasonable diligence," which is determined by a subjective test considered "in light of the particular circumstances of the case." *Ross v. Varano,* 712 F.3d 784, 799 (3d Cir. 2013). "Extraordinary circumstances typically exist where some factor beyond the petitioner's control, such as ineffective assistance of counsel, has prevented her from timely filing." *Rios v. Attorney Gen. of U.S.,* 615 F. App'x 752, 755 (3d Cir. 2015).

Plaintiff concedes that she failed to file the current action within the statute of limitations, but argues that it is subject to equitable tolling. Plaintiff provides no factual allegations addressing equitable tolling in her AC. In her brief, Plaintiff's allegations are limited to a reference to her "Certification."[9] Plaintiff alleges in her certification, "ALJ McGee's inability to reach and issue a final decision for one year was an extraordinary circumstance which caused me much pain, stress and anxiety." D.E. 22 ¶ 7. She also states that she was unaware that the Prior Action was closed, and therefore sought to reopen that action rather than file a complaint. *Id.* ¶ 9. Lastly, Plaintiff states: "I recall counsel from White & Case informing [Plaintiff] that Magistrate Judge Falk informed them that he would not re-open [the Prior Action]." *Id.*

These arguments do not suffice to demonstrate that Plaintiff's late filing should be equitably tolled. Notably, the Court stated in its March 1 Opinion that, despite Plaintiff providing no affidavit, the factual allegations in Plaintiff's brief were nonetheless "insufficient to satisfy either element of equitable tolling." *See* Civil Case No. 13-cv-00609, D.E. 11, at 9.

---

[9] Defendant correctly points out that Plaintiff failed to submit the certification in conjunction with her opposition, but instead submitted it four days later. Nevertheless, the Court will consider the certification in deciding this motion.

10

Specifically, this Court stated that ALJ McGee's late decision "is irrelevant to the current issue – Plaintiff filing her civil action within 90 days *after* ALJ McGee rendered his decision." *Id.* Thus, ALJ McGee's purported delay cannot serve the basis for an "extraordinary circumstance" standing in the way of Plaintiff appealing that very decision after it was rendered. Plaintiff also claims ignorance of the status of her case, placing the blame on her former counsel, White & Case, and even partly on Magistrate Judge Falk. Plaintiff's arguments are, at best, "garden-variety claims of excusable neglect" that do not warrant the application of equitable tolling. *See Irwin,* 498 U.S. at 96.

The Court will therefore dismiss Count I of Plaintiff's AC without prejudice. The Court notes that since this is Plaintiff's second attempt to argue that the statute of limitations was equitably tolled, if she chooses to file a second amended complaint and again fails to sufficiently set forth facts that support equitable tolling, this count will be dismissed with prejudice.

As to Plaintiff's 504 claim, the parties dispute whether exhaustion is required under that statute, and if so, whether Plaintiff properly exhausted the administrative process. *See* Def. MTD Br. at 10-13; Pl. MTD Opp'n at 11-13; Def. MTD R.Br. at 7-8.

The IDEA requires a plaintiff to exhaust the IDEA's administrative process. 20 U.S.C. § 1415(I). Additionally, to prevent circumvention of this exhaustion requirement, the IDEA also requires exhaustion "in non-IDEA actions where the plaintiff seeks relief that can be obtained under the IDEA." *M.S. v. Marple Newtown Sch. Dist.,* 635 F. App'x 69, 71 (3d Cir. 2015) (citing 20 U.S.C. § 1415(I)). This includes a claim brought pursuant to Section 504 of the Rehabilitation Act if it "relates to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." *Id.; see also Batchelor v. Rose Tree Media Sch. Dist.,* 759 F.3d 266, 272 (3d Cir. 2014) (holding that the

11

IDEA "bars plaintiffs from circumventing the IDEA's exhaustion requirement by taking claims that could have been brought under IDEA and repackaging them as claims under some other statute *e.g.*, section 504 of the Rehabilitation Act . . ."). Failing to exhaust such claims divests the court of its subject matter jurisdiction. *M.S.*, 635 F. App'x at 72. Nonetheless, separate claims alleging *only* violations of Section 504 are not subject to the administrative exhaustion requirement. *See H.A. v. Camden City Bd. of Educ.*, No. 10-0733, 2011 WL 3236204, at *3 (D.N.J. July 28, 2011). "Thus, determining if the IDEA's administrative process must be exhausted before bringing claims in federal court turns on whether the parties could have asserted the claims under the IDEA." *Batchelor*, 759 F.3d at 273.

Here, Plaintiff's Section 504 claim is premised on the same factual allegations as her IDEA claim – that Defendant failed to provide K.S.M. with appropriate educational services. *See Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755 (2017) (holding that when the gravamen of a plaintiff's complaint is "in essence contesting the adequacy of a special education program" and "seeks redress for a school's failure to provide a FAPE," it is subject to the IDEA's exhaustion requirement, even when pled under an alternate statute); *Batchelor*, 759 F.3d at 274 (finding that appellants' retaliation claims "palpably relate" to the district's provision of a FAPE and therefore are subject to the IDEA's exhaustion requirement); *J.Q. v. Washington Twp. Sch. Dist.*, 92 F. Supp. 3d 241, 251 (D.N.J. 2015) (finding that plaintiff's Section 504 claims relate to his IDEA claims because they were both premised on the appropriateness of the educational services provided to a disabled student). Therefore, Plaintiff's Section 504 claim is subject to the IDEA's exhaustion requirement.

Defendant argues that Plaintiff failed to exhaust her administrative remedies with respect to her Section 504 claim. Plaintiff responds that her due process petition "reserve[d] the right to

seek damages under Section 504 of the Rehabilitation Act," sufficiently placing Defendant on notice of this claim. Pl. MTD Opp'n Ex. 1, at 5. Neither party provides any case law as to the requirements necessary for a party to exhaust a Rehabilitation Act claim when she has already exhausted a substantially similar IDEA claim.

The Third Circuit has held the IDEA's exhaustion requirement to be jurisdictional, *see Batchelor*, 759 F.3d at 276, and therefore the plaintiff has the burden of demonstrating administrative exhaustion. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc.*, 2010 WL 2521091, at *8. Plaintiff, however, does not address the exhaustion requirement in the AC. Plaintiff's only proof of exhaustion is the due process opinion she attaches as an exhibit, which states that she "reserved her rights" to bring a Section 504 claim. Neither party provides any evidence of whether a reservation of rights is sufficient to exhaust a Section 504 claim. The Court has found scant and somewhat contradictory case law on the issue. *See, e.g., Mr. I v. Maine Sch. Admin. Dist. 55*, 416 F. Supp. 2d 147, 174 (D. Me. 2006) (concluding that exhausting an IDEA claim also exhausts a Section 504 claim and that "the parents were not required to argue the § 504 claim to the Hearing Officer"), *aff'd sub nom. Mr. I. ex rel. L.I. v. Maine Sch. Admin. Dist. No. 55*, 480 F.3d 1 (1st Cir. 2007); *Hesling v. Avon Grove Sch. Dist.*, 428 F. Supp. 2d 262, 274 (E.D. Pa. 2006) (finding that plaintiff had exhausted her administrative remedies for claims revolving around her children's substantive educational rights under the IDEA, but her "retaliation claims were never raised at [the] IDEA due process hearings" and therefore were not exhausted), *aff'd sub nom. Hesling v. Seidenberger*, 286 F. App'x 773 (3d Cir. 2008). Because the parties have not adequately addressed the issue, because the Court's own research did not reveal binding precedent, and because the Court is dismissing the second count pursuant to Rule 12(b)(6), the Court does not reach the exhaustion argument as to that count. However, neither

party is precluded from raising or addressing the issue should Plaintiff file another amended complaint.

Therefore, the first count is dismissed without prejudice. Nonetheless, since Plaintiff has the opportunity to re-plead, the Court will address the 12(b)(6) motion as to Count I for the benefit of the parties. The Court will also review the 12(b)(6) motion as to Count II.

### ii. 12(b)(6)

With respect to its 12(b)(6) motion, Defendant argues that Plaintiff "again fail[s] to include any allegations relating to the petition for due process, the hearing on same conducted by ALJ McGee, his decision or how she believes ALJ McGee erred as a matter of fact and/or law." Def. MTD Br. at 6. Plaintiff responds by reiterating facts from her AC that depict the alleged inadequacies in K.S.M.'s education. Pl. MTD Opp'n at 15. She also states that she is not required to directly refer to ALJ McGee's decision, and contends that the facts she has laid out were before ALJ McGee and therefore her IDEA count is plausibly pled. *Id.* at 15.

In this Court's March 1 Opinion, it set forth the standard for pleading an IDEA cause of action. The March 1 Opinion alerted Plaintiff to the deficiencies in her pleading – namely her failure to "cite to any specific portion of ALJ McGee's opinion much less denote the alleged errors in the opinion." D.E. 11, at 13. Because of this, the Court was "left to guess as to why Plaintiff contests ALJ McGee's decision." *Id.*

Plaintiff's AC does not cite to ALJ McGee's opinion. In fact, the entire AC only mentions ALJ McGee three times. The first is to state that "Plaintiff seeks to have this Court overturn the administrative final order of an Administrative Law Judge, Leland McGee." AC ¶ 1. The second describes how Plaintiff "filed for emergent relief and was granted a hybrid program by ALJ McGee," and that ALJ McGee called an in-person conference to amend his

14

original relief order. *Id.* ¶¶ 49, 52. In Plaintiff's IDEA Count, she asks this Court to find ALJ McGee incorrect in his findings. *Id.* ¶ 62. Thus, nowhere does Plaintiff describe how ALJ McGee's decision was incorrect. The AC therefore fails to put Defendant on notice of Plaintiff's disputes with ALJ McGee's opinion. Therefore, even assuming that Plaintiff's claims were equitably tolled, Count One nonetheless fails to plausibly state a claim.

Count II similarly fails under a 12(b)(6) analysis. Pursuant to Section 504,[10] a plaintiff must plead that "(1) he or she is 'disabled' under the act, (2) he or she is 'otherwise qualified' to participate in school activities, (3) the defendant receives federal financial assistance, and (4) he or she 'was excluded from participation in, denied the benefits of, or subject to discrimination at, the school.'" *N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.*, 563 F. Supp. 2d 474, 491 (D.N.J. 2008) (quoting *Andrew M. v. Del. Cty. Office of Mental Health & Mental Retardation*, 490 F.3d 337, 350 (3d Cir. 2007)). The remedies available in a Section 504 claim include "compensatory damages, injunctive relief, and other forms of relief traditionally available in suits for breach of contract." *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007).

---

[10] Section 504 of the Rehabilitation Act states:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794(a). The anti-retaliation regulation implementing Section 504 states:

> No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purposes of interfering with any right or privilege secured by [the Act], or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing....

34 C.F.R. § 100.7(e).

When "a plaintiff seeks compensatory damages on a Section 504 [] claim, the plaintiff must also prove that the discrimination or denial of benefits at issue was intentional, or at least that the defendant exhibited deliberate indifference to the underlying discrimination." *W.K. v. Pittston Area Sch. Dist.*, No. 16-0352, 2017 WL 1316208, at *4 (M.D. Pa. Apr. 10, 2017) (citing *Shadie v. Hazleton Area Sch. Dist.*, 580 F. App'x 67, 70 (3d Cir. 2014)).

Plaintiff alleges the following in connection with her Section 504 claim: (1) Defendant denied K.S.M. the opportunity to participate in and benefit from general education services; (2) Defendant failed to adopt and modify classroom activities to meet the individual needs of K.S.M.; (3) Defendant failed to provide K.S.M. with an equal opportunity to participate in and benefit from Defendant's services; and (4) Defendant attempted to place K.S.M. at an inappropriate educational facility. Compl. ¶ 64(a)-(d). Plaintiff seeks compensatory damages, among other remedies, for this alleged violation. *Id.*

Defendant argues that these allegations fail to "support [Plaintiff's] claims that [K.S.M.] was subject to discrimination and/or retaliation under Section 504." Def. MTD Br. at 15. Specifically, Defendant contends that Plaintiff fails to plead that the denial of benefits or discrimination "was the result of intentional action or deliberate indifference on the part of [Hackensack]," as required when pleading compensatory damages under Section 504. *Id.* at 16. Additionally, Defendant argues that Plaintiff fails to include specific allegations relating to retaliation and/or discrimination toward K.S.M. by Hackensack. *Id.* Plaintiff's only response is that "Plaintiff has more than established . . . that Defendant retaliated or discriminated against [K.S.M.]." Pl. MTD Opp'n at 16.

The Court finds that Plaintiff fails to plausibly plead a violation of Section 504. First, Plaintiff seeks compensatory damages but does not plead any "intentional discrimination" or

16

deliberate indifference by Hackensack. *See Shadie*, 580 F. App'x at 70 ("The 'intentional discrimination' standard demands proof that, at a minimum, the school district exhibited 'deliberate indifference' to the underlying act of discrimination."). Second, Plaintiff does not include any plausible allegations regarding the specific retaliation or discrimination K.S.M. was subject to. Plaintiff's allegations are entirely conclusory, presuming the fact of discrimination rather than providing plausible facts in support. Therefore, the AC does not adequately plead a cause of action under Section 504 and Count Two is dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. Defendant's motion to dismiss is granted, and Counts One and Two are dismissed without prejudice. Plaintiff has thirty (30) days to file an amended complaint, if she so chooses, and in accordance with this Opinion and Local Civil Rule 15.1.[11] An appropriate Order accompanies this Opinion.

Dated: June 21, 2017

_____
John Michael Vazquez, U.S.D.J.

---

[11] Effective May 10, 2017, Local Civil Rule 15.1 states, in part, that:

> A party who files an amended pleading in response to an Order authorizing the filing of that pleading to cure a defect in its pleading shall file:
>
> (1) a copy of the amended pleading, complete with a handwritten or electronic signature; and
> (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.