**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| K.S. o/b/o K.S.M., | |
| *Plaintiff,* | Civil Action No. 16-2155 (JMV) (MF) |
| v. | **OPINION** |
| HACKENSACK BOARD OF EDUCATION, | |
| *Defendant.* | |

**John Michael Vazquez, U.S.D.J.**

     This case arises out of a challenge to two Administrative Law Judge ("ALJ") decisions regarding the adequacy of the due process provided to student K.S.M. by the Hackensack Board of Education (the "District"[1] or "Defendant"). K.S. is K.S.M.'s mother.[2] Currently pending before the Court is Defendant's motion to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 31. The Court previously dismissed Plaintiff's Complaint and First Amended Complaint. The Court reviewed the submissions in support and in opposition,[3] and

---

[1] Plaintiff refers to the Defendant board of education as the "District." For consistency, the Court will do the same.

[2] K.S. brings this matter on behalf of K.S.M. For ease of reference, the Court generally refers to K.S. as "Plaintiff."

[3] Defendant's brief in support of its motion to dismiss the SAC will be referred to hereinafter as "Def. Br." (D.E. 31); Plaintiff's brief in opposition will be referred to hereinafter as "Opp. Br." (D.E. 32); Defendant's reply brief will be referred to hereinafter as "Def. Reply." (D.E. 33).

considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

## I. FACTUAL BACKGROUND[4]

Plaintiff's Second Amended Complaint ("SAC") (D.E. 28) reviews K.S.M.'s educational experience and alleges that Defendant was deficient as to K.S.M.'s educational needs. The SAC contains similar factual allegations as were included in her Complaint (D.E. 1) and Amended Complaint (D.E. 14). The SAC also provides somewhat confusing factual allegations – including using, but not defining, technical terms and failing to provide a clear timeline of events. The Court attempts to describe Plaintiff's allegations in a cohesive manner below.

During both the 2008-09 and 2009-10 school years, K.S.M. failed the seventh grade. SAC at ¶¶ 34-35. K.S.M. was evaluated and diagnosed with ADHD in June 2010 and November 2010. *Id*. at ¶¶ 38-39. In the 2010-2011 school year, K.S.M. was placed on a home instruction plan. *Id*. at ¶ 41. He remained in home instruction until due process proceedings were complete. *Id*. In April 2011, in lieu of a due process hearing, a settlement agreement was reached between K.S. and the District (the "Settlement Agreement"). *Id*. at ¶ 43. During the 2011-2012 school year, K.S.M. was placed out-of-district in the Community High School in Teaneck, New Jersey pursuant to the Settlement Agreement. *Id*. at ¶ 44.

Plaintiff claims that in March 2012, as a form of retaliation, Defendant failed to hold an IEP meeting as stipulated in the Settlement Agreement. *Id*. at ¶ 47. When the meeting was eventually held in May 2012, it was changed to an eligibility hearing without prior notice. *Id*. at ¶ 48. Plaintiff claims that the case manager proposed an unsubstantiated change in K.S.'

---

[4] The factual background is taken from the Plaintiffs' Second Amended Complaint, D.E. 28. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

classification. *Id.* at ¶ 49. Plaintiff filed a due process action in 2012, arguing that Defendant had failed to comply with the Settlement Agreement. *Id.* at ¶ 51. Plaintiff also argued that K.S.M. was being removed from Community High School against the recommendations of the IEP team member "to display retaliation for K.S.'s filing of relief applications." *Id.* at ¶ 52.

In July 2012, a due process hearing was held before Administrative Law Judge ("ALJ") Candido. *Id.* at ¶ 53. The record of the due process action was closed in October 2012. *Id.* at ¶ 56. Plaintiff states that the hearing concluded that K.S.M.'s "learning was *de minimus* as a result of attending [Community High School]." *Id.* at ¶ 55. K.S.M. returned to Hackensack High School in September 2012 by order of ALJ Candido. *Id.* at ¶ 57.

Plaintiff alleges that "[b]ecause of [Plaintiff's] court filings for relief, past and present . . . the [d]istrict responded with retaliation." *Id.* at ¶ 58. Plaintiff specifically claims that "the [D]istrict refused to provide appropriate supports and services to [K.S.M.] based on his needs" and that this "resulted in his failure for two additional consecutive years, for the purposes of retaliation to impede his educational benefit." *Id.* at ¶¶ 59-60. Plaintiff adds that Defendant "ignored professionals . . . who reported what was specifically needed to support K.S.[M.]'s levels of academic and emotional functioning as an individual." *Id.* at ¶ 61.

In March 2013, the District "advised K.S. that they could not educate K.S.M. and they wanted to send him out of district because Hackensack was not appropriate for him." *Id.* at ¶ 65. The District contacted Community High School to see if K.S.M. could re-enroll. *Id.* at ¶ 66. Plaintiff claims that this is a clear indication of retaliation because Defendant "previously testified that K.S.M. had not made progress at [Community High School][.]" *Id.* at ¶ 67. Community High School rejected the request for K.S.M to be placed in the school. *Id.* at ¶ 68. During an IEP meeting in May 2013, Defendant proposed that K.S.M. be placed out-of-district for the upcoming

2013-2014 school year. *Id.* at ¶ 69-72. K.S. was not told of the meeting until the District called her during the meeting. *Id.*

Plaintiff requested a replacement case manager who would be available during summer 2013 in order to coordinate Extended School Year Program ("ESY") services for K.S.M. *Id.* at ¶¶ 73-74. However, K.S.M. was not assigned a case manager during the ESY program, *id.* at ¶ 77, and according to Plaintiff, "the District refused to provide ESY services to K.S.M. as per a Settlement Agreement and [Plaintiff] was forced to file a complaint with the NJ State Department of Education," *id.* at ¶¶ 78-79.

In September 2013, K.S.M. was enrolled in 10th grade in the District because Defendant had not found an appropriate placement for K.S.M. *Id.* at ¶¶ 82-83. On September 11, 2013, there was a fire in K.S.'s home. *Id.* at ¶ 84. Defendant was notified that K.S. and K.S.M. were displaced in Secaucus at K.S.'s sister's home. *Id.* at ¶¶ 84-85. The District, however, provided no transportation services for K.S.M. *Id.* at ¶ 86. In December 2013, K.S.M. was losing credits for gym due to lateness and absenteeism, and Plaintiff alleges that Defendant failed to offer "McKinney Vento relief." *Id.* at ¶¶ 87-88.

In January 2014, K.S. requested that K.S.M. be placed in home instruction until a placement was found; K.S. also requested an IEP meeting. *Id.* at ¶¶ 89, 91. Defendant denied her requests. *Id.* at ¶¶ 90, 92. K.S. then filed an application for emergent relief and due process. *Id.* at ¶ 93. ALJ McGee heard the application and ordered a "hybrid program (part home instruction and part in school instruction) for K.S.M." in March 2014. *Id.* at ¶¶ 94-96. Plaintiff claims that "deliberate indifference was displayed when the district refused to comply with ALJ McGee's Order to implement a hybrid program for K.S.M." *Id.* at ¶ 97. After Plaintiff complained about the District's non-compliance, ALJ McGee held a hearing during which the District stated that it

had found an appropriate placement for K.S.M. at Lakeview Learning Center ("Lakeview"). *Id.* at ¶¶98-102. Plaintiff claimed Lakeview was not appropriate and retained an independent psychologist to perform an evaluation of Lakeview. *Id.* at ¶¶103-105. The independent psychologist found that the placement was inappropriate, *id.* at ¶¶ 106-107, but Defendant continued to propose Lakeview for K.S.M.'s placement, *id.* at ¶ 108.

In June 2014, Plaintiff found a placement for K.S.M. at Sage Day School in Rochelle Park, New Jersey, *id.* at ¶ 110, and K.S.M. attended the ESY program at Sage Day School, *id.* at ¶ 111. Plaintiff claims that the District refused to provide lunch for K.S.M. "for the purposes of retaliation." *Id.* at ¶ 112. In November 2014, according to Plaintiff, the District "displayed deliberate indifference by intentionally sending notification to Sage Day School to terminate educational services for K.S.M." because Defendant claimed he was not a resident of Hackensack. *Id.* at ¶¶114-115. Plaintiff claims that the District knew that K.S.M. was a resident of Hackensack. *Id.* at ¶ 114. K.S.M. graduated from Sage Day School in June 2016 at 20 years old. *Id.* at ¶ 116.[5]

## II. PROCEDURAL HISTORY

On April 18, 2016, Plaintiff filed a Complaint against Defendant. D.E. 1. On March 1, 2017, the Court granted Defendant's motion to dismiss the Complaint. D.E. 11, 12. Plaintiff filed a motion for reconsideration on March 29, 2017, D.E. 13, and filed a First Amended Complaint ("FAC") on March 31, 2017, D.E. 14. Defendant filed a motion to dismiss the FAC on April 21, 2017. D.E. 18. On June 21, 2017, the Court denied Plaintiff's motion for reconsideration and granted Defendant's motion to dismiss the FAC. D.E. 24, 25.

---

[5] The Court omits from its factual recitation Plaintiff's point-by-point disagreements with Administrative Law Judge Leland McGee's decision because the disagreements are not necessary to analyze the present motion.

On August 4, 2017, Plaintiff filed a Second Amended Complaint ("SAC"). D.E. 28. On August 31, 2017, Defendant filed the present motion to dismiss Plaintiff's SAC. D.E. 31. Plaintiff submitted opposition to the motion, D.E. 32, to which Defendant replied, D.E. 33.

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed.R.Civ.P. 12(b)(1). "A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack "concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (internal quotation marks omitted).

For a factual attack, "the allegations of the complaint have no presumptive truthfulness and the court must weigh the evidence presented by the parties." *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290-91 (3d Cir. 2006)). "An attack on subject matter jurisdiction that is based on a lack of administrative exhaustion is a factual challenge and not a facial one." *J.H. ex rel. J.H. v. Egg Harbor Twp. Bd. of Educ.*, No. 08-488, 2009 WL 1322514, at *2 (D.N.J. May 11, 2009). Thus, when reviewing such a factual attack, the court may consider evidence outside the pleadings. *Id.* at *3. Regardless of whether the attack is facial or factual, "the Plaintiff has the burden to prove that the Court has

jurisdiction." *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc.*, 2010 WL 2521091, at *8 (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### IV. ANALYSIS

#### A. Count One

Count One of Plaintiff's SAC brings claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1419. Defendant argues that, just as the Court has found in

regards to Plaintiff's Complaint and Amended Complaint, Plaintiff fails to adequately plead that equitable tolling applies to Plaintiff's re-pleaded IDEA claims. Accordingly, Defendant argues that Count One should be dismissed pursuant to Rule 12(b)(1).

As the Court has previously explained, the United States Supreme Court and the Court of Appeals for the Third Circuit have not yet ruled on whether equitable tolling applies to the 90-day statute of limitations provision under the IDEA. *See* D.E. 11 at 7; D.E. 23 at 9. Therefore, in its previous opinions, the Court assumed for the purposes of the motion that equitable tolling did apply to the IDEA's statute of limitations.[6] A party must plausibly plead allegations to support equitable tolling and "a district court may dismiss an untimely cause of action if it is plain on the face of the complaint that the limitations period cannot be tolled." *Menichino v. Citibank, N.A.*, No. 12-0058, 2013 WL 3802451, at *6 (W.D. Pa. July 19, 2013) (stating that "[i]t is not asking too much to require the Plaintiffs to play their factual cards face-up, now, in seeking to invoke the extraordinary safety valve of tolling to rescue claims that even they concede are otherwise untimely") (citing cases). In fact, "a plaintiff's tolling claim is subject to the *Twombly/Iqbal* standard of review" and therefore "the face of the complaint must set forth sufficient factual matter to allow the court to draw the reasonable inference that discovery will show that the plaintiff's untimely claim is entitled to tolling." *Id*. (internal quotations and citations omitted). Here the Court again finds that Plaintiff has not put forth plausible allegations to support her claim that equitable tolling should apply to her IDEA claims in Count One.

In her Opposition, Plaintiff responds with the same arguments that the Court has already rejected twice. First, Plaintiff argues that she "reminds the court that while represented by White & Case in 2013 and 2014 she actively and diligently participated in the settlement efforts in Civil

---

[6] As the Court has already noted twice, this presumption is solely for the purpose of this Opinion.

Action 13-00609" and that Plaintiff "was informed by White & Case that he was waiting for the decision of ALJ McGee before decision [sic] how an [sic] whether to reopen 13-00609." Pl. Opp. at 8. Plaintiff also requests that the Court reconsider its ruling that ALJ McGee's delay in issuing a final opinion was an extraordinary circumstance for the purposes of equitable tolling analysis. Pl. Opp. at 8-9. The Court has already rejected these arguments twice. Plaintiff provides no convincing reason for the Court to change its conclusion.[7] Because Plaintiff fails to plausibly allege facts to support equitable tolling, this Court lacks jurisdiction over Count One pursuant to Rule 12(b)(1). Accordingly, Count One of Plaintiff's SAC is dismissed with prejudice.

## B. Count Two

Count Two of Plaintiff's SAC again brings claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") for "discrimination and retaliation" claims. SAC at p. 30. Specifically, Plaintiff claims

> Defendants have violated Plaintiff's rights under Section 504 of the Rehabilitation Act . . . and the regulations promulgated pursuant thereto, 45 C.F.R. par 84 and 34 C.F.R. part 104 by:

---

[7] Plaintiff also attached a "Memorandum of Support of Plaintiff's Second Amended Complaint" to the SAC. D.E. 28-1. In the memorandum, Plaintiff argues that equitable tolling is appropriate because

> [Plaintiff] left her fortunes to the advice of counsel and she did not receive the benefit of the bargain. She engaged diligently in all of the administrative actions required and expected of a *pro se* parent. Only in federal court was she let down by counsel which failed to protect her rights by moving to reopen this matter when settlement discussions failed. As a *pro se* parent, with counsel, she should not be expected to monitor whether litigation remains open during settlement discussions.

D.E. 28-1 at 7. The Court does not know what Plaintiff means by a "*pro* se" parent. She was represented by counsel at the time, and she apparently believes that counsel's performance was deficient. The Court has already rejected this argument as a basis for equitable tolling as it could find no authority in support. Plaintiff also fails to provide legal support for her argument. The Court has been presented no new facts or analysis that persuades it to alter its previous rulings.

> (a) Intentionally and purposefully preventing KSM from benefiting from general education services especially academic services[;]
> (b) Intentionally Failing to adapt and modify general education classes to meet the individual needs of KSM[; and]
> (c) Intentionally and purposefully refusing to provide KSM with an equal opportunity to participate in and benefit from Defendant's services[.]

SAC at ¶ 122.

### i. Exhaustion

As an initial matter, the Court previously found that the parties did not adequately address "the requirements necessary for a party to exhaust a Rehabilitation Act claim when she has already exhausted a substantially similar IDEA claim" and did not reach the exhaustion issue. D.E. 24 at 13. Defendant again argues that Plaintiff failed to exhaust her administrative remedies related to her Section 504 claims because Plaintiff's "due process petition that was before ALJ McGee did not reserve her right to seek damages under Section 504." Def. Br. at 11.

In *Freed v. Consolidated Rail Corp.*, 201 F.3d 188 (3d Cir. 2000), the Third Circuit held that certain section 504 plaintiffs need not exhaust their administrative remedies. *Id.* at 194; *see Jeremy H. by Hunter v. Mount Lebanon Sch. Dist.*, 95 F.3d 272, 282 n.17 (3d Cir. 1996) ("Section 504, as we have just observed, incorporates by reference the remedies, procedures and rights of Title VI of the Civil Rights Act of 1964, and therefore is not ordinarily subject to an exhaustion requirement."); *see Kortyna v. Lafayette Coll.*, 47 F. Supp. 3d 225, 239 (E.D. Pa. 2014) ("In *Freed v. Consolidated Rail Corp.*, the Third Circuit held that section 504 plaintiffs may proceed directly to court without pursuing administrative remedies." (quotation omitted)); *but see RA C.L. ex rel. K.B. v. Mars Area Sch. Dist.*, No. 14-1666, 2015 WL 3968343, at *8 (W.D. Pa. June 30, 2015) (finding that because a plaintiff's Rehabilitation Act claims were "essentially a repackaging of [the plaintiff's] IDEA claim," the claims were subject to the IDEA's exhaustion requirement). Plaintiff

argues, in part, that "by providing Defendant notice in [Plaintiff's] application for 'due process' under N.J.A.C. 6A:14-2.7(j) that she intended to file a claim under Section 504 of the RH Act she satisfied the requirement that that [sic] she exhaust administrative remedies." Pl. Opp. at 6. However, Plaintiff did not attach any documents to her SAC or to her Opposition. Plaintiff later cites *Freed* for the proposition that "[t]here is not [sic] requirement that a party exhaust administrative remedies when seeking to assert Section 504 claims in a federal action." Pl. Opp at 10. Because the Court dismisses Count Two without prejudice on other grounds, it does not reach this issue.[8] The Court notes that it is concerned that Plaintiff, again, fails to adequately address Defendant's persuasive argument that Plaintiff's Rehabilitation Act Claims are identical to her IDEA claims, and therefore subject to the exhaustion requirement.[9]

### ii. Discrimination Claim

As the Court previously recognized, to bring a discrimination claim under Section 504, a Plaintiff must plead "that (1) he or she is 'disabled' under the act, (2) he or she is 'otherwise qualified' to participate in school activities, (3) the defendant receives federal financial assistance, and (4) he or she 'was excluded from participation in, denied the benefits of, or subject to

---

[8] If the issue is raised again in the future, the Court will need further briefing in light of the somewhat divergent caselaw as to whether Plaintiff's Rehabilitation Act claim is subject to exhaustion requirements. Additionally, Plaintiff seemingly bases her argument on various documents, including a "2014 due process application notice of her intent to file allegation [sic] under Section 504 of the RHA." Pl. Opp. at 10. However, as noted above, Plaintiff fails to attach any documents to her SAC or Opposition.

[9] In fact, Plaintiff seems to admit at one point in her Opposition that she did not exhaust her administrative remedies, before arguing in the next sentence that she did not need to exhaust her remedies. Pl. Opp. at 6 ("Plaintiff has failed to establish subject matter jurisdiction as she . . . failed to exhaust administrative remedies. Plaintiff contends that Defendant is wrong in its claim that Plaintiff failed to exhaust administrative remedies."). The Court notes that Plaintiff's briefing in this case lacks serious attention to detail, grammar, or legal citations; it also fails to adequately address many of Defendant's arguments.

discrimination at, the school.'" *New Jersey Prot. & Advocacy, Inc. v. New Jersey Dep't of Educ.*, 563 F. Supp. 2d 474, 491 (D.N.J. 2008) (quoting *Andrew M. v. Del. County Office of Mental Health & Mental Retardation*, 490 F.3d 337, 350 (3d Cir. 2007)). "Where, as in this case, a plaintiff seeks compensatory damages on a Section 504 . . . claim, the plaintiff must also prove that the discrimination or denial of benefits at issue was intentional, or at least that the defendant exhibited deliberate indifference to the underlying discrimination." *W.K. v. Pittston Area Sch. Dist.*, No. 16-0352, 2017 WL 1316208, at *4 (M.D. Pa. Apr. 10, 2017) (citing *Shadie v. Hazleton Area Sch. Dist.*, 580 Fed.Appx. 67, 70 (3d Cir. 2014)). Importantly, '[a] plaintiff cannot make out a[ Rehabilitation Act] claim simply by proving (1) that he was denied some service and (2) he is disabled. The state must have failed to provide the service *for the sole reason that the child is disabled*." *Andrew M.*, 490 F.3d at 350 (emphasis added).

The Court finds that Plaintiff fails to plausibly plead that Defendant refused to provide services to K.S.M. solely because K.S.M. was disabled. As noted in the Court's prior rulings, Plaintiff essentially presumes the fact of discrimination rather than providing facts sufficient to support such a conclusion. Plaintiff brings basically the same factual allegations as she included in her Amended Complaint. Specifically, Plaintiff alleges that Defendant (1) "[i]ntentionally and purposefully prevent[ed] KSM from benefitting from general education services especially academic services," (2) "[i]ntentionally [f]ailing to adapt and modify general education classes to meet the individual needs of KSM," and (3) "[i]ntentionally and purposefully refusing to provide KSM with an equal opportunity to participate in and benefit from Defendant's services." SAC at ¶ 122(a)-(c).[10] Among other relief, Plaintiff requests compensatory damages. While Plaintiff has

---

[10] These allegations are substantially identical as to those in the Amended Complaint. *See* D.E. 24 at 16 (describing the claims brought in Plaintiffs Amended Complaint (D.E. 14)).

changed some of her pleadings to include the word "intentionally" multiple times and states in a conclusory manner that Defendant displayed "deliberate indifference," this does not ameliorate all of the deficiencies previously identified by the Court. In fact, at one point, Plaintiff oddly seems to admit that she did not plausibly plead her allegations. *See* Pl. Opp. at 11 ("Scrutiny of Plaintiff's complaint reveals that it fails to state a claim upon which relief may be granted.").[11] For this reason, Plaintiff's Section 504 claim based on discrimination is dismissed without prejudice. Plaintiff is provided *one more* opportunity to plausibly plead her claims.

### iii. Retaliation Claim

Plaintiff also appears to bring a Section 504 retaliation claim for the first time in her SAC. To establish a prima facie Section 504 retaliation claim, "plaintiffs must show (1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." *Hesling v. Seidenberger*, 286 F. App'x 773, 774 (3d Cir. 2008) (quotation omitted); *see Derrick F. v. Red Lion Area Sch. Dist.*, 586 F. Supp. 2d 282, 300 (M.D. Pa. 2008); *P.N. v. Greco*, 282 F. Supp. 2d 221, 242 (D.N.J. 2003). "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citations omitted). The Third Circuit has cautioned that "[a] court must be diligent in enforcing these causation requirements because otherwise a public actor cognizant of the possibility that litigation might be filed against him,

---

[11] The Court assumes that Plaintiff is possibly quoting the Court's previous Opinion. However, like much of Plaintiff's pleadings and briefing, the Court is left to guess what Plaintiff means when she seemingly admits that she failed to plausibly plead her claims.

particularly in his individual capacity, could be chilled from taking action that he deemed appropriate and, in fact, was appropriate." *Id*.

The Court finds that Plaintiff's pleading falls short. At most, Plaintiff claims that "K.S.M. was being removed from the Community High School [in 2012] against the recommendations from IEP team member [sic] to display retaliation for K.S.'s filing of relief applications, SAC at ¶ 52, and that because of Plaintiff's "court filings for relief, past and present, the [Defendant] responded with retaliation," *id*. at ¶ 58; *see also id*. at ¶¶ 47, 58, 60, 67, 112. Plaintiff also claims in a conclusory fashion that Defendant was deliberately indifferent to K.S.M.'s needs. *See id*. at ¶¶ 97, 108, 115. Plaintiff's allegations as a whole are conclusory. Plaintiff fails to include any plausible allegations to support her claims of retaliation or the requisite causal nexus. Accordingly, Plaintiff's SAC does not adequately plead a valid claim under Section 504 and her retaliation claim is dismissed without prejudice. Plaintiff is provided *one more* opportunity to plausibly plead her claim.

## V. CONCLUSION

Defendant's motion to dismiss Counts One and Two is **GRANTED**. Count One is dismissed with prejudice and Count Two is dismissed without prejudice. Plaintiff has thirty (30) days to file another amended complaint, if she so chooses, consistent with this Opinion. If Plaintiff fails to file a third amended complaint, the dismissal of the remaining count will be with prejudice. An appropriate Order accompanies this opinion.

Dated: June 14, 2018

_____
John Michael Vazquez, U.S.D.J.