UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

K.S. o/b/o K.S.M.,

    *Plaintiff*,

v.

HACKENSACK BOARD OF EDUCATION,

    *Defendant*.

Civil Action No. 16-2155 (JMV) (MF)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This case concerns the educational opportunities that Defendant Hackensack Board of Education provided K.S.M. K.S. is K.S.M.'s mother.[1] Currently pending before the Court is Defendant's motion to dismiss Plaintiff's Third Amended Complaint ("TAC") pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). D.E. 41. The Court previously dismissed Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint. D.E. 11, 12, 24, 25, 34, 35. The Court reviewed the submissions in support and in opposition,[2] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion to dismiss is granted.

---

[1] K.S. brings this matter on behalf of K.S.M. For ease of reference, the Court generally refers to K.S. as "Plaintiff."

[2] Defendant's brief in support of its motion to dismiss Plaintff's TAC will be referred to hereinafter as "Def. Br.," D.E. 41-1; Plaintiff's brief in opposition will be referred to as "Pl. Opp'n," D.E. 42; Defendant's reply brief will be referred to as "Def. Reply," D.E. 43.

## I. BACKGROUND[3]

The Court included an extensive factual background in its Prior Opinion granting Defendant's motion to dismiss Plaintiff's Second Amended Complaint, D.E. 34 ("Prior Op.") at 2-6, which the Court incorporates by way of reference here. In its Prior Opinion, the Court dismissed Plaintiff's Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1419, claim with prejudice, and dismissed Plaintiff's Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, claims for discrimination and retaliation without prejudice – allowing Plaintiff *"one more* opportunity to plausibly plead" these Section 504 claims. *Id.* at 9, 13, 14 (emphasis in original). In her Third Amended Complaint ("TAC"), Plaintiff attaches exhibits to substantiate certain allegations, but does not materially change, or add to, the factual assertions forming her Section 504 claims. Defendant moved to dismiss Plaintiff's Third Amended Complaint for failure to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). D.E. 41. Plaintiff opposed this motion, D.E. 42, and Defendant replied, D.E. 43.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed.R.Civ.P. 12(b)(1). "A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack "concerns

---

[3] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (internal quotation marks omitted).

For a factual attack, "the allegations of the complaint have no presumptive truthfulness and the court must weigh the evidence presented by the parties." *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290-91 (3d Cir. 2006)). "An attack on subject matter jurisdiction that is based on a lack of administrative exhaustion is a factual challenge and not a facial one." *J.H. ex rel. J.H. v. Egg Harbor Twp. Bd. of Educ.*, No. 08-488, 2009 WL 1322514, at *2 (D.N.J. May 11, 2009). Thus, when reviewing such a factual attack, the court may consider evidence outside the pleadings. *Id.* at *3. Regardless of whether the attack is facial or factual, "the Plaintiff has the burden to prove that the Court has jurisdiction." *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc.*, 2010 WL 2521091, at *8 (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

3

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

**III. ANALYSIS**

In her Third Amended Complaint, Plaintiff again brings claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") for "discrimination and retaliation." TAC ¶¶ 1-2. Specifically, Plaintiff alleges that Defendant: (a) "intentionally and purposefully prevent[ed] KSM from benefitting from general education services especially academic services"; (b) "intentionally failed to adapt and modify general education classes to meet the individual needs of KSM"; and (c) "intentionally and purposefully refused to provide KSM with an equal opportunity to participate in and benefit from [Defendant]'s educational services." *Id.* at 22-23, ¶ 2(a)-(c); SAC at ¶ 122(a)-(c).[4] The Court notes that these are the same conclusory allegations that the Court deemed insufficient in its Prior Opinion. Prior Op. at 12.

**A. Exhaustion**

As an initial matter, retaliation and discrimination asserted under Section 504 of the Rehabilitation Act "related to the enforcement of rights under the IDEA must be exhausted before

---

[4] These allegations were also substantially identical as to those in the Amended Complaint. *See* D.E. 24 at 16 (describing the claims brought in Plaintiffs Amended Complaint (D.E. 14)).

4

a court may assert subject matter jurisdiction." *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 275 (3d Cir. 2014). Both parties agree on this point. Def. Br. at 7; Pl. Opp'n at 7. The Court previously found that Plaintiff failed "to adequately address Defendant's persuasive argument that Plaintiff's Rehabilitation Act Claims are identical to her IDEA claims, and therefore subject to the exhaustion requirement." Prior Op. at 11. Defendant has again set forth this persuasive argument. Def. Br. at 6-10. Plaintiff now argues that "plaintiff KSM's claim in the Third Amended Complaint is exempt from the exhaustion requirement because of the 'implementation' exception." Pl. Opp'n at 9. Plaintiff does not, however, dispute that the claims are identical.

The Third Circuit has not yet recognized the "implementation exception" to the IDEA exhaustion requirement. *See Batchelor*, 759 F.3d at 278-80. In *Batchelor*, appellants argued that "their claims are exempt from the IDEA's exhaustion requirement because an implementation exception applies." *Id.* at 278. The Third Circuit recognized that "[t]here is no binding appellate precedent requiring this Court to recognize the implementation exception," and persuasive authority is "inapposite." *Id.* at 278-79. The parties have not identified, and the Court has not found, any more recent authority to the contrary. Yet, the Court need not make a determination on the "implementation exception," as Plaintiff again fails to plausibly plead her claims.

### B. Discrimination Claim

As the Court previously recognized, to bring a discrimination claim under Section 504, a Plaintiff must plead "that (1) he or she is 'disabled' under the act, (2) he or she is 'otherwise qualified' to participate in school activities, (3) the defendant receives federal financial assistance, and (4) he or she 'was excluded from participation in, denied the benefits of, or subject to discrimination at, the school.'" *New Jersey Prot. & Advocacy, Inc. v. New Jersey Dep't of Educ.*, 563 F. Supp. 2d 474, 491 (D.N.J. 2008) (quoting *Andrew M. v. Del. County Office of Mental Health*

*& Mental Retardation*, 490 F.3d 337, 350 (3d Cir. 2007)). "Where, as in this case, a plaintiff seeks compensatory damages on a Section 504 . . . claim, the plaintiff must also prove that the discrimination or denial of benefits at issue was intentional, or at least that the defendant exhibited deliberate indifference to the underlying discrimination." *W.K. v. Pittston Area Sch. Dist.*, No. 16-0352, 2017 WL 1316208, at *4 (M.D. Pa. Apr. 10, 2017) (citing *Shadie v. Hazleton Area Sch. Dist.*, 580 Fed.Appx. 67, 70 (3d Cir. 2014)). Importantly, '[a] plaintiff cannot make out a [Rehabilitation Act] claim simply by proving (1) that he was denied some service and (2) he is disabled. The state must have failed to provide the service *for the sole reason that the child is disabled*." *Andrew M.*, 490 F.3d at 350 (emphasis added).

The Court again finds that Plaintiff fails to plausibly plead that Defendant refused to provide services to K.S.M. solely because K.S.M. was disabled. Plaintiff does not add any material facts in her Third Amended Complaint to plausibly support this claim. Plaintiff argues that "[t]here are a number of incidents that illustrate discrimination against Plaintiff," and lists the following: (1) Defendant "pre-determined KSM's placement, in 2012, (notwithstanding Dr. Planer's findings and recommendations) by returning him to Hackensack School District without holding an IEP meeting"; (2) Defendant "ignored" Plaintiff's "signs of school induced stress" from September 2012 through June 2014, evidenced through K.S.'s 120 nurse visits; (3) Defendant did not remove, correct, or modify alleged "inaccuracies" in K.S.'s disciplinary record when requested by Plaintiff; (4) Defendant denied Plaintiff's request for a Functional Behavioral Assessment, Behavioral Intervention Plan, and Neuro-Psychological Evaluation; and (5) Defendant ultimately "decided [it] could not educate KSM" and "required KSM to pursue an out-of-district placement to have his psycho social and educational needs met." Pl. Opp'n at 13-15.

Although Plaintiff may feel wronged by these alleged injustices, Plaintiff still has not plausibly indicated that these actions were taken for the *sole reason that KSM is disabled*. Plaintiff again essentially presumes the fact of discrimination rather than providing facts sufficient to support such a conclusion. Further, Plaintiff is requesting compensatory damages. TAC at 23. Yet, Plaintiff fails to provide facts evidencing intent or deliberate indifference as to the discrimination; conclusory allegations that Defendant's conduct was "intentional," *id.* at 22, ¶ 2(a)-(c), is insufficient. For these reasons, Plaintiff's Section 504 claim based on discrimination is dismissed with prejudice.

### C. Retaliation Claim

Plaintiff also brings a Section 504 retaliation claim. TAC at 22-23, ¶¶ 1-2. To establish a prima facie Section 504 retaliation claim, "plaintiffs must show (1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." *Hesling v. Seidenberger*, 286 F. App'x 773, 774 (3d Cir. 2008) (quotation omitted); *see Derrick F. v. Red Lion Area Sch. Dist.*, 586 F. Supp. 2d 282, 300 (M.D. Pa. 2008); *P.N. v. Greco*, 282 F. Supp. 2d 221, 242 (D.N.J. 2003). "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citations omitted). The Third Circuit has cautioned that "[a] court must be diligent in enforcing these causation requirements because otherwise a public actor cognizant of the possibility that litigation might be filed against him, particularly in

his individual capacity, could be chilled from taking action that he deemed appropriate and, in fact, was appropriate." *Id.*

The Court again finds Plaintiff's pleadings to be lacking. Plaintiff did not add any material facts in her Third Amended Complaint to support the retaliation claim. Plaintiff's sole argument in support of temporal proximity is that "Defendant forced KSM to return to Hackensack High School . . . only three months after July 2012," when Administrative Law Judge Candido held a due process hearing requested by Plaintiff. Pl. Opp'n at 16. Plaintiff then generally argues that she engaged in "protected activity" by making certain requests, which Defendant did not comply with, and then Defendant made the "decision that it could no longer educate KSM . . . in retaliation for KS's filing for due process." Pl. Opp'n at 16. These claims do not plausibly establish the "temporal proximity" or "pattern of antagonism *coupled with timing*" necessary to plead the retaliation claim. Accordingly, Plaintiff's Section 504 retaliation claim is dismissed with prejudice.

## IV. CONCLUSION

In sum, the Court grants Defendant's motion to dismiss Plaintiff's Third Amended Complaint, D.E. 41. For the reasons stated, the Court dismisses all of Plaintiff's claims with prejudice, which means that Plaintiff will not be able to bring another suit against Defendant based on the facts set forth in her Third Amended Complaint. An appropriate Order accompanies this Opinion.

Dated: April 1, 2019

John Michael Vazquez, U.S.D.J.